UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AQUA EZ, INC., <br><br> Plaintiff, <br><br> v. <br><br> RESH, INC. <br><br> Defendant. <br> ——————————————<br> RESH, INC., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> AQUA EZ, INC., and <br> LOWE'S COMPANIES, INC. <br><br> Counterclaim Defendants. | CIVIL ACTION NO. <br><br> 1:23-CV-00790-MLB |

**COUNTER-DEFENDANT LOWE'S COMPANIES, INC.'S
MOTION TO SEVER AND STAY**

Counter-defendant Lowe's Companies, Inc. ("Lowe's") moves to sever and stay the counterclaim asserted by Resh, Inc. ("Resh") against Lowe's[1]. Counsel for Defendant/Counter-plaintiff Resh, Inc. has advised that Resh opposes the motion.

---

[1] The present motion to sever and stay is subject to Lowe's Companies, Inc.'s pending objection that it is not the real party in interest under Fed. R. Civ. P. 17.

I.  **INTRODUCTION**

Resh's Amended Counterclaims accuse one of Aqua EZ's products of infringement, namely a certain model of an aluminum telescoping pole used to clean swimming pools. Resh alleges that Aqua EZ "manufactures or imports" the accused telescoping pole and sells it to Lowe's. Resh alleges that Lowe's infringes the asserted patents by reselling Aqua EZ's accused pole. See, e.g., Resh Amended Counterclaims, ¶ 53 [Dkt. 22].

The gravamen of Resh's dispute therefore lies with Aqua EZ alone. Under controlling Federal Circuit precedent, known as the "customer suit" doctrine, the Court should sever and stay Resh's claims against Lowe's. *See, e.g., In re Nintendo of Am., Inc.*, 756 F.3d 1363 (Fed. Cir. 2014) (reversing trial court's denial of severance and stay against manufacturer's customers). Severing and staying the counterclaims against Lowe's is appropriate because Aqua EZ is the true defendant, and the claims against Lowe's are merely peripheral. *See id.* When Resh's counterclaims against Aqua EZ are resolved, further litigation against Lowe's will almost certainly be unnecessary. *Id.* Severing and staying the counterclaims against Lowe's will therefore serve the paramount goal of judicial economy. *Id.*

II.  **ARGUMENT**

Under Rule 21 of the Federal Rules of Civil Procedure, any claim against a party may be severed and proceeded with separately. *See* Fed. R. Civ. P. 21 ("The court may also sever any claim against a party."). The Court has broad discretion to sever and stay claims against a party to promote judicial economy. *See Clinton v. Jones*, 520 U.S. 681, 706-707 (1997) (noting district court's "broad discretion to stay proceedings as an incident to its power to control its own docket"); *see, e.g., Northern Illinois Gas Co. v. USIC, LLC*, No. 21-13377, 2023 WL 2977784, at *12 n.11 (Fed. Cir. April 18, 2023) and cases cited therein ("District courts are vested with broad discretion to stay proceedings and authority is incidental to their inherent powers to control their dockets.").

In patent infringement cases, motions to sever parties are governed by Federal Circuit law because the assessment of joinder necessarily implicates the accused acts of infringement. *See In re EMC Corp.*, 677 F.3d 1351, 1354 (Fed. Cir. 2012); *see also 3Shape A/S v. Carecream Dental, LLC,* 1:22-cv-01829, 2023 WL 4047692, at *3 (N.D. Ga. April. 20, 2023) (Special Master's Report and Recommendation).  It is well-settled under the customer suit doctrine that district courts have the discretion to stay a patent infringement suit against a customer of allegedly infringing products when there is a co-pending suit against the manufacturer of those products. *See, e.g., Katz v. Lear Siegler, Inc.*, 909 F.2d 1459,

1464 (Fed. Cir. 1990); *Emerson Electric Co. v. Sipco LLC*, Civ. Act. No. 1:16-cv-2690-AT, 2016 WL 8928312, at *3-4 (N.D. Ga. Aug. 18, 2016); *Capital Sec. Systems, Inc. v. NCR Corp.*, 2015 WL 3819336, at *2 (N.D. Ga. June 18, 2015); *Werteks Closed Joint Stock Co. v. GNC Corp.*, Nos. 1:14-cv-1516, 3370, and 3371; 2016 WL 8739846, at *4-5 (S.D. Fla. 2016). The rationale for the rule is to promote judicial economy, as the manufacturer is the real party in interest because of its greater risk of damages, indemnification duties, and reputational interests. *See Katz*, 909 F.2d at 1464; *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365-66 (Fed. Cir. 2014). When a lawsuit is filed against both manufacturer and customers, the claims against the peripheral defendants (i.e., the customers) may properly be severed and stayed pending resolution of the case against the manufacturer. *See, e.g., Nintendo*, 756 F.3d at 1365-66; *Werteks*, 2016 WL 8739846, at *4-5 (S.D. Fla. 2016) (rejecting the argument that customer suit exception was inapplicable and staying case against customers sued in same case as manufacturer); *Koh v. Microtek Intern., Inc.*, 250 F. Supp. 2d 627, 631-633 (E.D. Va. 2003) (severing and staying claims against MCSC (one of the manufacturer's customers)); *Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*, Case. No. 0:16-cv-60693-UU, slip op. at 9-10 (S.D. Fla. June 8, 2016) (staying case against customers sued in same case as manufacturer) (copy attached as Exhibit A).

4

The Court's ability to stay claims against the manufacturer's customers originated as the so-called "customer suit exception" to the well-established first-to-file rule. The first-to-file rule applies when there are two actions involving overlapping issues and parties pending in two federal courts; in that instance there is a strong presumption favoring the forum of the first-filed action. *See, e.g., Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135-36 (11th Cir. 2005).

However, in a patent suit against a manufacturer's customer, there is an exception to the first-to-file rule. Specifically, the priority of actions is given to the suit with the claims against the manufacturer (as opposed to the customers of the manufacturer), without regard to which suit was first filed. *See, e.g., Nintendo*, 756 F.3d at 1365-66. Under the customer suit exception, the patentee's claims against the manufacturer take precedence, even if those claims were filed after the suit against the customer. *Id.*

The customer-case doctrine as clarified by the *Nintendo* opinion, is clearly applicable to the present case. *Nintendo* explained that the reasons supporting the customer suit exception (namely, to promote judicial economy, given that the manufacturer is the true defendant and has more of a stake in the outcome than the customer) justify staying infringement claims against the manufacturer's customers ***even when the customer is joined in the same suit as the manufacturer***. Thus, as in the present case, when the customer is joined in the same patent suit as the

5

manufacturer, the suit should proceed only against the real defendant, namely, the manufacturer, ***and the claims against the customer(s) should be severed and stayed***.  *Id*. at 1366; *see e.g. Koh*, 250 F. Supp. 2d at 631-633 (E.D. Va. 2003) (severing and staying peripheral claims against customer MCSC).

The *Nintendo* court emphasized the underlying principle of judicial economy.  "Severance … [is] appropriate 'where the administration of justice would be materially advanced[.]'" *Id.* at 1366 (quoting *Wyndham Assocs. v. Bintliff,* 398 F.2d 614, 618 (2d Cir. 1968)).  Because "Nintendo's [the manufacturer's] liability is predicate to recovery from any of the [retailer customer] defendants, the case against Nintendo must proceed first, ***in any forum.***" *Nintendo*, 756 F.3d at 1366 (emphasis supplied).  The *Nintendo* court (on mandamus) vacated the trial court's denial of severance, and ordered the trial court to grant the motion to sever and stay the claims against the retail resellers of the manufacturer's products.

Following *Nintendo*, district courts have recognized that the customer-suit exception should be used as a basis to sever and stay claims asserted against customers sued in the same suit as the manufacturer.  *See, e.g., Koh*, 250 F. Supp. 2d at 631-633 (severing and staying claims against MCSC); *Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*, Case. No. 0:16-cv-60693-UU, slip op. at 9-10 (S.D. Fla. June 8, 2016) (staying case against customers sued in same case as manufacturer)

6

(copy attached as Exhibit A); *Werteks*, 2016 WL 8739846, at *5 (rejecting argument that customer suit exception was inapplicable and staying case against customers sued in same case as manufacturer).

The procedural circumstances in the present case are only slightly different than in *Nintendo*. In *Nintendo,* the patentee was the plaintiff, which sued in the same action both the manufacturer of the accused products and a portion of the manufacturer's retail resellers. In the present case, Aqua EZ, the alleged manufacturer/importer of the accused product, initially filed the suit in the form of a declaratory judgment action against the patentee Resh, and then Resh subsequently joined Aqua EZ's customer Lowe's as a counterclaim defendant. This slight procedural distinction does not undermine the principles enunciated by *Nintendo*: namely, that when a patentee brings claims against a manufacturer and its customer(s) in the same case, the claims against the manufacturer takes precedence and the trial court should sever and stay the claims against the customer(s).

   i. **Resh's claims against Lowe's are purely peripheral.**

In the present case, the patentee's (Resh's) allegations against the customer (Lowe's) are peripheral and entirely derivative of Resh's allegations against Aqua EZ (the importer/manufacturer). It is *undisputed* that Lowe's is merely a reseller of Aqua EZ's accused products. The Amended Counterclaims allege as follows:

7

> 53. On information and belief, from approximately 2016 through October 2021, ***the products at issue in this lawsuit were manufactured and/or imported by Aqua EZ, who sold the products to Lowe's, who then sold the products to end users.*** On information and belief, since October 2021, Aqua EZ and Lowe's have continued to sell the products, and continue to do so today....

*See,* Amended Counterclaims, ¶53 (emphasis supplied). In response, Aqua EZ has pleaded:

> 53. Aqua EZ admits that from approximately 2016 through October 2021, the products at issue in this lawsuit were imported by Aqua EZ, who sold the products to Lowe's, who then sold the products to end users....

*See* Aqua EZ's Answer to Amended Counterclaims, ¶ 53 [Dkt. 26]. Similarly, Lowe's has pleaded in response:

> 53. ...Lowe's admits that from approximately 2016 through October 2021, Aqua EZ sold the products at issue in this lawsuit to Lowe's Home Centers, LLC, who then sold the products to end users.....

Lowe's Answer to Amended Counterclaims, ¶ 53 [filed concurrently herewith]. Therefore, Aqua EZ is the "true defendant" and that Resh's claims against Lowe's are purely derivative and peripheral. *See Nintendo*, at 1365.

When the case against Aqua EZ is resolved—whether by a finding of non-infringement or invalidity of the asserted patents or a finding of liability and award of damages—it is unlikely that there will be any issues remaining for adjudication against Lowe's. Severing and staying the Amended Counterclaims against Lowe's

is the most efficient way to proceed with the case, and there is no benefit to permitting the claims against Lowe's to proceed on the same schedule as Aqua EZ.

### ii. Resh will not be prejudiced by the stay.

Staying the claims against Lowe's will not hinder Resh's ability to prosecute and resolve its infringement claims. Further, Resh will not be disadvantaged with regard to any potential recovery.

Indeed, resolution of the claims against Aqua EZ should obviate the need for further litigation of the claims against Lowe's. If Resh fails to obtain a ruling against Aqua EZ that the patents are valid and that the accused products infringe, Resh's claims against Lowe's will be moot. Moreover, even if Resh succeeds in obtaining a ruling of infringement by Aqua EZ's accused products and secures a damages recovery and collects against Aqua EZ, Resh will not be able to recover further damages from Lowe's because a patentee cannot receive a double recovery for the same sale. *See In re Nintendo,* 756 F.3d at 1366 ("[I]f Secure Axcess were to collect royalties from Nintendo, this would preclude suit against the Retailers."); *Intel Corp. v. ULSI Sys. Tech., Inc.,* 995 F.2d 1566, 1568-69 (Fed. Cir. 1993) (patentee can collect only one royalty from patent infringement); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("A stay will not diminish the monetary damages to which VA will be entitled if it succeeds in its infringement suit.").

### iii. The stay will promote judicial economy.

The promotion of judicial economy and the efficient administration of justice are of paramount importance. Requiring peripheral defendant Lowe's to remain in the case would only increase the complexity of the case, the number of witnesses, and the cost to the parties and the time required of the Court. The requested stay will allow the Court to focus on Aqua EZ, the party that controls the manufacture and importation of the accused products. A severance and stay will enable Resh to resolve its dispute with Aqua EZ more smoothly, saving significant litigation expenses for all parties, and the burden on the Court's limited resources would be reduced, likely obviating entirely the need to pursue claims against Lowe's. *See Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006) ("[T]he guiding principles in the customer suit exception cases are efficiency and judicial economy[.]"); *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("[L]itigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer.").

## III. CONCLUSION

For the forgoing reasons, the Court should sever Resh's counterclaim against Lowe's into a separate action, and then stay it pending outcome of Resh versus Aqua EZ.

Respectfully submitted this 5th day of July, 2023.

                                    SMITH, GAMBRELL & RUSSELL, LLP

                                    *s/William F. Long*
                                  William F. Long
                                  Georgia Bar No. 457490
                                  blong@sgrlaw.com
                                  Matthew P. Warenzak
                                  Georgia Bar No. 624484
                                  mwarenzak@sgrlaw.com
                                  1105 West Peachtree Street, NE, Suite 1000
                                  Atlanta, Georgia 30309
                                  (404) 815-3500 (telephone)
                                  *ATTORNEYS FOR PLAINTIFF AND*
                                  *COUNTERCLAIM DEFENDANT*
                                  *AQUA EZ, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to registered counsel electronically.

> N. Andrew Crain
> Charles Landrum
> Paul J. Spina IV
> THOMAS HORSTEMEYER LLP
> 3200 Windy Hill Road SE, Suite 1600E
> Atlanta, GA 30339
> (770) 933-9500
> a.crain@thip.law
> c.landrum@thip.law
> p.spina@thip.law
>
> J. Mark Holland (appearing pro hac vice)
> J. MARK HOLLAND & ASSOCIATES
> 19800 MacArthur Boulevard, Suite 300
> Irvine, CA 92612
> (949) 718-6750
> office@jmhlaw.com

                                                    *s/William F. Long*
                                                    William F. Long