UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AQUA EZ, INC.,<br><br>　　Plaintiff,<br><br>　　v.<br><br>RESH, INC.<br><br>　　Defendant.<br>——————————————<br>RESH, INC.,<br><br>　　Counterclaim Plaintiff,<br><br>　　v.<br><br>AQUA EZ, INC., and<br>LOWE'S COMPANIES, INC.<br><br>　　Counterclaim Defendants. | CIVIL ACTION NO.<br><br>1:23-CV-00790-MLB |

**PLAINTIFF AQUA EZ, INC.'S MOTION FOR SANCTIONS
UNDER FED. R. CIV. P. 11**

Aqua EZ hereby moves for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Sanctions are appropriate because Resh's First Amended Counterclaim asserted an objectively frivolous claim for pre-issuance damages under 35 U.S.C. § 154(d) for alleged infringement of U.S. patent number 11,141,852 (the "'852 patent") occurring before the '852 patent issued.

Concurrently with the service of this motion for sanctions, on December 12, 2023 Aqua EZ also served it motion for judgment on the pleadings, which demonstrates that Resh is not entitled to pre-issuance damages as a matter of law, and further that Resh's claim is objectively frivolous. Now that the 21-day Rule 11 "safe harbor" has passed and Resh has refused to dismiss its claim for pre-issuance damages, Aqua EZ is filing both the motion for judgment on the pleadings and this motion for sanctions. *See* Fed. R. Civ. P. 11(c)(2).

Sanctions under Rule 11 are appropriately assessed when a party files a claim: (1) "that has no reasonable factual basis"; (2) "that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law"; or (3) "in bad faith for an improper purpose." *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) (internal quotation marks omitted). A court conducts a two-step inquiry when evaluating a motion for Rule 11 sanctions: (1) determining whether the non-moving party's claim is objectively frivolous; and (2) determining whether counsel should have been aware that it was frivolous. *See Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995). In deciding whether a claim is objectively frivolous, the court must "determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified." *Kaplan v.*

*DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (internal quotation marks omitted).

Aqua EZ's concurrent motion for judgment on the pleadings explains in detail why Resh's motion for pre-issuance damages is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law. Resh's theory for recovery of pre-issuance damages is based on 35 U.S.C. § 154(d); but the plain language of Section 154(d) demonstrates that Resh has absolutely no argument for recovery whatsoever. Section 154(d) requires at least one claim in the published application for the '852 patent (United States Patent Publication No. US 2018/0009099 A1 (the "9099 publication")) to be "substantially identical" to at least one claim in the '852 patent as issued, but no such claim even arguably exists. Resh tries to support its claim by pointing to a published claim in a *different* application, and even that relied-upon published claim would not be substantially identical unless the Court rewrites it.

Resh can point to no authority or reasonable argument to support its theory of recovery. Resh's claim was asserted for an obvious improper purpose: to attempt improperly to greatly magnify its damages claim to encompass years of sales that preceded the issuance of the '852 patent, which did not issue until 2021. Without its frivolous claim for pre-issuance damages, the alleged damages period

3

would not begin until, at the earliest, the date the '852 patent issued, on October 12, 2021.

Resh's counsel should have been aware that the claim was objectively frivolous because no objective, rational attorney would believe Resh's argument had a reasonable chance of success.  No objective, rational attorney would believe that Resh's position could be advance as a reasonable argument to change existing law.

Resh's counsel should have been aware that the claim was objectively frivolous because he already raised the identical claim – recovery of pre-issuance damages under the '852 patent—in another federal civil action, *Resh, Inc. v. Skimlite Mfg.*, Case No. 5:22-cv-01427-EJD, in the Northern District of California.  In *Skimlite*, Resh sued multiple defendants for alleged infringement of the '852 patent, and Resh sought pre-issuance damages.  *See Resh, Inc. v. Skimlite Mfg. Inc.*, Case No. 5:22-cv-01427-EJD, 2023 U.S. Dist. LEXIS 56945 (N.D. Cal. March 31, 2023) (copy attached as Exhibit 1).[1]  Two of the defendants, James R.

---

[1] The Court is authorized for purposes of the present motion to take judicial notice of the Court's order in the *Skimlite* case, which is reported at 2023 U.S. Dist. Lexis 56945.  *See Omaha Steaks Int'l v. Greater Omaha Packing Co.*, 908 F.3d 1315, 1323 (Fed. Cir. 2018):

> Under Federal Rule of Evidence 201(b)(2), a tribunal "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A tribunal "must take

Conrad ("Conrad Sr.") and Barret Conrad ("Conrad Jr."), filed motions to dismiss the complaint against them under Rule 12(b)(6) for failure to state a claim because the only allegedly infringing conduct asserted against them was conduct that transpired *before* the '852 patent issued. *Id.* at *4. In response to the Conrads' motions to dismiss, Resh argued that it was entitled to recover pre-issuance damages under 35 U.S.C. § 154(d): "Plaintiff argues that the availability of pre-issuance damages 'suggests' that 'it seems consistent with Congressional intent to consider Defendants' 'pre-issuance' infringing actions as constituting infringement.'" *Id.* at *4. The *Skimlite* court rejected Resh's argument: "[F]or all its insistence that such an interpretation would be the 'straightforward and common-sense approach,' [Resh] provides no legal or case or authority to support the conflation of acts constituting infringement with acts supporting recoverable damages." *Id.* Accordingly, the *Skimlite* court granted Conrad Sr. and Conrad Jr.'s motions to dismiss.[2] Thus, the *Skimlite* court adjudicated that the Resh is not entitled to recover damages under 35 U.S.C. § 154(d) for alleged infringement of the '852 patent.

---

judicial notice if a party requests it" and "the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

[2] The court granted Resh leave to amend its complaint against the Conrads, but only to the extent an amended infringement complaint could identify conduct of defendants that transpired *after* the '852 patent issued. *See Skimlite,* 2023 U.S. Dist. LEXIS 56945, at *10, 12.

Resh's inability in the *Skimlite* case to offer any authority or colorable argument to support his position and the fact that he already lost once on the claim further demonstrate that Resh and its counsel knew or should have known that Resh's claim was objectively frivolous. And yet, Resh asserted it again.

For the foregoing reasons, the Court should grant Aqua EZ's motion for sanctions, which at a minimum should require Resh to pay Aqua EZ's legal fees incurred in bringing the motion for judgment on the pleadings and this motion for sanctions and any additional fees directly resulting from Resh's claim for pre-issuance damages, as well as whatever additional sanctions the Court deems sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. *See* Fed. R. Civ. P. 11(c)(4).

Respectfully submitted,

                                                  SMITH, GAMBRELL & RUSSELL, LLP

                                                    *s/William F. Long*
                                                  William F. Long
                                                  Georgia Bar No. 457490
                                                  blong@sgrlaw.com
                                                  Matthew P. Warenzak
                                                  Georgia Bar No. 624484
                                                  mwarenzak@sgrlaw.com
                                                  1105 West Peachtree Street, NE, Suite 1000
                                                  Atlanta, Georgia 30309
                                                  (404) 815-3500 (telephone)
                                                  *ATTORNEYS FOR PLAINTIFF AND*
                                                  *COUNTERCLAIM DEFENDANT*
                                                  *AQUA EZ, INC.*

**CERTIFICATE OF SERVICE (PRIOR TO FILING WITH THE COURT)**

I hereby certify that on December 12, 2023, a true and correct copy of the foregoing was served by email on the following.

>N. Andrew Crain
>Charles Landrum
>Paul J. Spina IV
>THOMAS HORSTEMEYER LLP
>3200 Windy Hill Road SE, Suite 1600E
>Atlanta, GA 30339
>(770) 933-9500
>
>c.landrum@thip.law
>p.spina@thip.law
>
>J. Mark Holland (appearing pro hac vice)
>J. MARK HOLLAND & ASSOCIATES
>19800 MacArthur Boulevard, Suite 300
>Irvine, CA 92612
>(949) 718-6750
>office@jmhlaw.com

                                                         *s/William F. Long*
William F. Long